IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

IRL L. SPENCE                                                                                    PLAINTIFF

v.                                    CIVIL NO. 05-3059

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                                               DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Irl L. Spence brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).

**Procedural Background:**

The applications for DIB and SSI presently before this court were filed on April 14, 2003, alleging an inability to work since March 25, 2003, due to diabetes and hypertension. (Tr.50-53). An administrative hearing was held on June 7, 2004. (Tr. 278-327). Plaintiff was present and represented by counsel.

At the time of the administrative hearing, plaintiff was thirty-nine years of age and possessed a sixth grade education. (Tr. 293-294). Plaintiff testified he last worked as a collar presser in a shirt factory. (Tr. 295).

By written decision dated July 1, 2004, the ALJ found that plaintiff has an impairment or combination of impairments that are severe. (Tr. 19). However, after reviewing all of the evidence presented, he determined that plaintiff's impairments do not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 19). The ALJ found plaintiff retained the residual functional capacity (RFC) to perform a wide range of light work activity. (Tr. 19). With the help of vocational expert testimony, the ALJ found plaintiff could perform his past relevant work as a folding machine operator.

Plaintiff appealed the decision of the ALJ to the Appeals Council. Plaintiff's request for review of the hearing decision by the Appeals Council was denied on October 6, 2005. (Tr. 4-7). When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner. Plaintiff now seeks judicial review of that decision. (Doc. #1). Both parties have filed appeal briefs and this case is before the undersigned for report and recommendation. (Doc. # 10, 11).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists

2

in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work

3

experience in light of her residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920.

**<u>Discussion:</u>**

Plaintiff's argues that the ALJ was wrong in finding plaintiff's past relevant work to be that of a folding machine operator and that the vocational expert's testimony that the ALJ relied on was incorrect. At the June 2004 hearing, the Ms. Owens was questioned by both the ALJ and plaintiff's attorney. Ms. Owens testified that plaintiff's past relevant work consisted of work as a folding machine operator. (Tr. 317). Ms. Owens testified that the duties plaintiff listed in the paperwork submitted to the administration and his testimony fit the duties of a folding machine operator as listed in Dictionary of Occupational Titles (D.O.T). After reviewing the D.O.T and the record we find the ALJ properly relied upon Ms. Owens testimony when he found plaintiff's past relevant work to be that of a folding machine operator. However, after reviewing all of Ms. Owens testimony, we do not find substantial evidence to support the ALJ's determination that plaintiff could perform his past relevant work.

After listening to the ALJ's proposed hypothetical question (Tr. 317-318), Ms. Owens testified that the hypothetical individual would be able to perform his past relevant work as a folding machine operator as described by the D.O.T. However upon further questioning by plaintiff's attorney, Ms. Owens testified that based on her opinion and having seen the job as it is actually performed a person with no depth perception could not safely perform the job of a folding machine operator. We are aware that when vocational expert testimony conflicts with the D.O.T, the D.O.T controls when the D.O.T classifications are not rebutted. *See Porch v. Chater,* 115 F.3d 567, 572 (8th Cir.1997). In this particular case, we find that Ms. Owens

4

testimony rebutted the D.O.T. Furthermore, plaintiff testified that he did not have any depth perception and there is nothing in the record to refute this testimony. The ALJ even included no depth perception as a limitation in the hypothetical question proposed to Ms. Owens. Therefore, based on the entire evidence of record we do not find substantial evidence to support the ALJ's determination that plaintiff can perform his past relevant work.

We are also troubled by he ALJ's failure to discuss plaintiff's diagnosis of chronic renal insufficiency. The ALJ did find plaintiff's diabetes to be a severe impairment, however he failed to address the complications caused by this disease and evidenced in plaintiff's medical records. Plaintiff has sought frequent treatment for his diabetes and the resulting complications and has been diagnosed with chronic renal insufficiency repeatedly. (Tr. 96, 108, 111, 120, 131, 135, 221, 227, 229, 234, 241, 249). In October of 2002, plaintiff underwent a renal flow and function study revealing a generalized decrease in renal function bilaterally with a total renal function of forty-five percent contributed by the left kidney and fifty-five percent contributed by the right kidney. (Tr. 194). There is record of a normal renal ultrasound in January of 2004, however, after plaintiff's physician reviewed this ultrasound and laboratory blood results, treatment notes indicate the clinic tried to contact plaintiff at several different locations in order to have him make an appointment to see a nephrologist immediately. (Tr. 229, 257, 269). The record shows plaintiff did see a nephrologist and that he was to have a follow-up visit in April of 2004. (Tr. 221 ). Those treatment notes are not part of the record before the court. The court recognizes that it is the plaintiff's burden to prove disability, but the ALJ bears a responsibility to develop the record fairly and fully, independent of the claimant's burden to press his case. *Snead v. Barnhart,* 360 F.3d 834, 838 (8th Cir. 2004). After reviewing the entire evidence of record, we

5

find remand necessary in order for the ALJ to more fully and fairly develop the record with regard to plaintiff's chronic renal insufficiency. While on remand we further suggest the ALJ more fully and fairly develop the record with regard to plaintiff's vision impairment.

On remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff–including, Dr. Kent A. Zocchi --asking the physicians to review plaintiff's medical records; to complete a RFC assessment regarding plaintiff's capabilities during the time period in question, and to give the objective basis for their opinions so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). If plaintiff's treating nephrologist cannot be located we strongly recommend that the ALJ order a consultative exam with a nephrologist, in which, the consultative examiner should be asked to review the medical evidence of record, perform a physical examination and appropriate testing needed to properly diagnosis plaintiff's condition, and complete a medical assessment of plaintiff's ability to perform work related activities. *See* 20 C.F.R. §§ 404.1517, 416.917.

With this evidence, the ALJ should then re-evaluate plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

**Conclusion:**

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have ten days from receipt of our report and recommendation in**

**which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 5th day of September 2006.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)